# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IGOR FREY, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:10-CV-1385 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| MARY SABOL, *et al.*, | : |
| | : |
| Respondents | : |

## MEMORANDUM

August 24, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Igor Frey ("Petitioner" or "Frey"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who was confined at the York County Correctional Facility in York, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1). Frey challenged his continued detention by ICE pending his removal from the United States under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and sought his immediate release from custody.

By Order dated July 19, 2010, Respondents were directed to show cause within twenty-one (21) days why the Petition should not be granted. (Doc. 5.) On August 9,

2010, a Response to the Petition was filed in which Respondents submit that the Petition should be dismissed as moot because Frey was deported to the Ukraine on July 8, 2010. (Doc. 7.) Attached to the Response is a copy of Frey's EARM Case Summary verifying that he was removed to the Ukraine on that date. (Doc. 7-2.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea*

2

*v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales,* 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy,* 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. *See Lindaastuty v. Attorney General,* 186 Fed. Appx. 294 (3d Cir. 2006). In the instant case, because Frey has been removed from the United States to the Ukraine, his request for release from ICE custody pending the completion of removal proceedings is entirely moot, and the dismissal of his Petition as moot is appropriate. An appropriate Order will enter.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IGOR FREY,

    Petitioner

v.

MARY SABOL, *et al.*,

    Respondents

CIVIL NO. 1:10-CV-1385

Hon. John E. Jones III

## ORDER

August 24, 2010

In accordance with the Memorandum issued on today's date, **IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2. The Clerk of Court is directed to **CLOSE** this case.

/s/ John E. Jones III
John E. Jones III
United States District Judge